**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE AND SEARCH OF THE **CELLULAR TELEPHONE USING TELEPHONE NUMBER** ▆▆▆▆ **IN THE POSSESSION OF** ▆▆▆▆▆ | 22-mj-216 <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF WARRANT UNDER RULE 41 TO SEARCH PROPERTY**

I, Joseph Simmons, being first duly sworn, hereby depose and state as follows:

**Introduction and Agent Background**

1.     I am a Special Agent of the Federal Bureau of Investigation ("FBI") assigned to the Mobile Field Division.  As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code 2510(7), that is, an officer of the United Sta]tes who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

2.     I have been a Special Agent with the FBI for approximately four years. My duties as an FBI Special Agent include investigating violations of federal law to include investigations related to public corruption, financial crimes, narcotics trafficking, and bank robberies, among others. I have also received training on obtaining and reviewing electronic records, including telephonic communications.

3.     The facts in this affidavit come from my personal observations, training, and experience, as well as information obtained from other agents and witnesses and others associated with this investigation. This affidavit is only intended to show that there is sufficient probable cause for the requested warrant and does not show all of the facts, circumstances, and knowledge of the matters at hand. All dates, times, locations, and amounts are approximate.

1

## Statutory Authority and Definitions

4.   Based on my training and experience, I know that 18 U.S.C. §§ 1343 and 1349 makes it a crime to participate in a scheme to defraud another out of money, with the intent to defraud, when it was reasonably foreseeable that interstate wire communications would be used and interstate wire communications were in fact used and to conspirer to do the same.

## Summary of Affidavit

5.   I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the person of ███████ ███████, as more fully described herein, to search for, seize, and subsequently search his cellular telephone **cellular telephone with phone number** ███████ for evidence of violations of 18 U.S.C. §§ 1343 and 1349.

6.   The investigation, as detailed below, has established probable cause to believe that ████████████████████████████████████████████████████ and others violated and are violating 18 U.S.C. §§ 1349 and 1343, respectively, Conspiracy to Defraud the United States and Wire Fraud, in the Southern District of Alabama, and there is probable cause outlined further in this affidavit to search the Premises for items of evidentiary value in connection with these offenses.

## Case Background



2















9









14























25



















## TECHNICAL TERMS

37. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Laptop computer: A computer is a machine or devices that performs processes, calculations and operations based on instructions provided by a software or hardware program. Some of the major parts of a computer include the motherboard, CPU, memory (or RAM), hard drive, and video card. A laptop computer, sometimes called a notebook computer by manufacturers, is a type of personal computer that is battery- or AC-powered, generally smaller than a briefcase that can easily be transported. A laptop typically weighs less than 5 pounds and is 3 inches or less in thickness. Laptops have ports and other interfaces similar to desktop computers, such as USB ports, network interface cards, audio speakers, digital media drives and memory card slots (such as SD card readers). Additional

peripherals may be connected to a laptop computer through available expansion slots, through USB or serial ports (through a serial port is older technology not usually found on new laptops) or wirelessly via a Bluetooth connection. Modern laptops are capable of connecting to the Internet and are often used for data storage, including files, photos, and videos.

b.  Cellular telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless devices used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the devices.

c.  Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable

storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d.  GPS: A GPS navigation devices uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.  Tablet Computer: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, which is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those

36

functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail or other messages, and participating in Internet social networks.

    f.   IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

    g.   Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

    h.   Smartphone: A devices that combines a cellular telephone with a handheld computer, typically having a touchscreen interface, Internet access, an operating system capable of running downloaded applications, data storage, the ability to take pictures and videos, GPS capability, and messaging capability, among other functions.

    i.   iPhone- a line of smartphone made by Apple Inc.

38.   Based on my training, experience, and research, I know that the electronic device sought by this warrant has capabilities that allow it to serve as a wireless telephone, digital camera, storage medium, computing devices, GPS navigation devices, and messaging platform. In my

training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

39.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the devices. This information can sometimes be recovered with forensics tools.

40.    There is probable cause to believe that things that were once stored on the smartphone may still be stored there, for at least the following reasons:

    a.  Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

    b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

38

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

**FORENSIC EXAMINATION**

41. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the electronic device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the smartphone because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.

39

Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

40

42.    Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the smartphone and other evidence consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the smartphone to human inspection in order to determine whether it is evidence described by the warrant.

**Manner of Execution**



**Conclusion**

43.    I submit that this affidavit supports probable cause for a warrant to search the Premises described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Joseph Simmons
Special Agent
FBI

THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 19th
DAY OF DECEMBER 2022.

# P. Bradley Murray

Digitally signed by P. Bradley Murray
Date: 2022.12.19 15:45:20 -06'00'

P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

*Thing to be Searched*

The location to be searched is the person of , including any accompanying

██████████████████████████████████████████████████ The

applied-for-warrant would authorize the forensic examination of the ███████ for the purpose of

identifying electronically stored data particularly described in Attachment B.

43

## ATTACHMENT B

*Property to be seized*

1.  The property to be seized and examined from the person, including any bag or handbag, of ██████████ are the following (hereafter referred to as "device"):



        Electronic Device:

        Carrier:

        Associated number:

2.  All records on the device relating to violations of 18 U.S.C. §§ 1343 and 1349 ("Target Offenses"), those violations involving ██████████, occurring between October 1, 2020 and the Present, including but not limited to:

   a.  Information and records pertaining to bank accounts or banking activity by ██████ ██████, or other individuals;

   b.  Information and records pertaining to the transfer of money between individuals or entities;

   c.  Information and records pertaining to tax returns, tax refunds, or other tax-related documents;

   d.  Documents concerning the identity of individuals not known to reside on the Premises;

   e.  Information and records identifying other co-conspirators, victims, witnesses, or beneficiaries of the Target Offenses;

   f.  Communications regarding the Target Offenses;

   g.  Communications with co-conspirators, victims, witnesses, or beneficiaries of the Target Offenses;

   h.  The state of mind of the device holder, as it relates to the Target Offenses;

i. Identity of the person(s) who sent to or received communications from the device about matters relating to the Target Offenses, including those that help reveal their whereabouts;

j. Any history of deleting information by ████, co-conspirators, victims, witnesses, or beneficiaries of Target Offenses;

k. Any internet or other search history by ████, co-conspirators, victims, witnesses, or beneficiaries of Target Offenses;

l. Any additional evidence of the Target Offenses;

2. For any cellular telephone, computer, or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant:

a. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

c. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

d. evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

e. evidence of the times the device was used;

f. passwords, encryption keys, and other access devices that may be necessary to access the device;

45